UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN HAYGOOD<br>    Plaintiff,<br><br>    vs.<br><br>SHUBHADA KAMBLI, In her Official<br>Capacity as a Supervisor for Defendant<br>THE CITY OF SOUTH BEND, and<br>PETER BUTTIGIEG, Individually and<br>In his Representative Capacity as Mayor<br>Of the City of South Bend, Indiana,<br>    Defendants. | ): CAUSE NO.: 3:14-CV-01934 |

FIRST AMENDED COMPLAINT

Plaintiff, pursuant to Fed. Rule Civ. Proc. 15(a) makes this First Amended Complaint against the Defendants, amending his original Complaint as follows:

1. Suing Shubhada Kambli only in her official capacity as a Supervisor on behalf of the City of South Bend; and

2. Changing Count II to read "Negligent Hiring and Retention of Kambli by Mayor Buttigieg."

**The Nature Of The Case**

This action arises out of the unlawful and discriminatory conduct and employment practices of the Defendants. It emanates from the illegal and wrongful termination of the Plaintiff from his job as Chief Inspector of Code Enforcement for the City of South Bend, on or around January 24, 2014, which termination:

    A.    Was due to Plaintiff's age, fifty-three (53), in violation of Age Discrimination in Employment Act of 1967 as codified at 29 U.S.C. §§ 621 – 634

(as amended in 1984 and 1990, and by the Age Discrimination in Employment Amendments of 1986 at Pub.L.No. 92-592 and the Civil Rights Act of 1991, Pub.L.No. 102-166 (hereafter, "ADEA"),

B. Constituted an official policy and practice of the Defendant City of South Bend to discriminate against the Plaintiff, and others similarly situated, based on age;

C. Arose out of the negligent hiring and negligent retention of Kambli by the Mayor; and

D. Was in violation of the Indiana Wage Payment Statute, I.C. 22-2-5 and I.C. 22-2-9.

## Jurisdiction and Venue

1. Federal court jurisdiction is conferred on this Court by 28 U.S.C.A. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court. Additionally, the federal court exercises ancillary or supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. §1367.

2. Plaintiff's claims for damages are made pursuant to the ADEA and pursuant to the statutory and common laws of the state of Indiana.

3. Plaintiff's requests for relief, including compensatory damages, treble damages, front pay, attorneys' fees and costs, are authorized by the ADEA and by Indiana statutory and common law.

4. Venue is proper under 28 U.S.C.A. §1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

5. On March 3, 2014, Plaintiff timely provided the City of South Bend with his Notice of Tort Claim, which was duly served on the City, its counsel, and the Indiana Political Subdivision Risk Management Commission.

6. At all times relevant, the City has been provided timely and ample opportunity to investigate and respond to Plaintiff's claims, and has denied any wrongdoing.

7. The City of South Bend does not participate in the Indiana Political Subdivision Risk Management Fund.

8. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission.

9. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter on July 16, 2014, and thereafter sent it to him, and his counsel, by regular U.S. Mail.  A copy of that Right to Sue Letter is attached hereto as Exhibit A.

10. This suit is timely filed within ninety (90) days of Plaintiff receiving his Right to Sue letter from the EEOC.

## The Parties

11. Plaintiff Brian Haygood ("Haygood" or "Plaintiff") is a citizen of the United States who resides in St. Joseph County, Indiana.

12. Defendant Shubhada Kambli ("Kambli") was the Director of Code Enforcement for the City of South Bend, Indiana.  She is being sued in her official capacity for Defendant City of South Bend under the ADEA for having terminated Plaintiff's employment due to his age.  At all times relevant, Kambli acted as an agent of the City of South Bend.

13.     Defendant Peter Buttigieg ("Buttigieg" or "Mayor") is the elected Mayor of South Bend, Indiana, and at all times relevant has served in that capacity.  He is being sued individually for negligent hiring and negligent retention of Kambli, and in his official capacity as Mayor for having violated Indiana's Wage Payment Statute.  As the duly elected Mayor of South Bend, Buttigieg cannot be sued individually under the ADEA.

14.     The Defendant City of South Bend is a public municipal entity and political subdivision of the state of Indiana that has more than twenty (20) employees and that affects interstate commerce.  It is being sued under the ADEA as an employer that has discriminated against the Plaintiff based on his age.  It is also being sued under the theory of *Respondeat Superior* for the tortious actions of its employees, Kambli and Buttigieg, acting within the scope of their employment, and as an employer that has violated Indiana's Wage Payment Statute.

**Factual Background**

15.     Plaintiff was hired by the City of South Bend in 2001 as an Inspector in the Code Enforcement Division of the City.  Over the course of the next 13 years, Plaintiff worked successfully for the City and in 2011 was promoted to the position of Chief Inspector.

16.     In January of 2013, Mayor Buttigieg fired the City's Director of Code Enforcement, Catherine Toppel, who at the time was over the age of forty (40).  He then hired Kambli, who at the time was well under the age of forty (40), to serve as the new Director of Code Enforcement.

17.     Kambli, with the knowledge and approval of Buttigieg, made false accusations against Plaintiff with regard to his work, in order to create a paper trail to justify terminating his employment.

18. On January 24, 2014, Kambli called Plaintiff into a meeting. During that meeting, Kambli told Plaintiff he was being fired. Kambli had recently told Plaintiff and others after another person had interviewed for a job, that they (meaning the City) were moving in a different direction and intended to bring in younger people to replace the older workers.

19. During the meeting, Kambli also told Plaintiff that he would remain on active payroll until February 7, 2014, and that thereafter he would be paid all of his accrued and unused time.

20. Well over a week later, and for the first time, the City presented Plaintiff with a proposed written Employment Severance Agreement, which Plaintiff did not sign.

21. Contrary to its January 24, 2014 promise, the City did not keep Plaintiff on its active payroll through February 7, 2014, and did not pay Plaintiff all of his accrued and unused time.

**COUNT I.   EMPLOYMENT BASED AGE DISCRIMINATION BY THE CITY OF SOUTH BEND THROUGH ITS SUPERVISOR KAMBLI**

22. Plaintiff incorporates and realleges Paragraphs 1 through 21 as Paragraph 22 herein.

23. Defendant Kambli, acting as an agent, and on behalf of the City of South Bend, and possessing direct supervisory authority over Plaintiff, terminated Haygood's employment because of his age, 53, in violation of the ADEA.

24. At all times relevant, Kambli was authorized by the City of South Bend to make hiring, promotion and termination decisions for the Code Enforcement division of the City.

25. At the time Kambli terminated Plaintiff's employment, this marked at least the fifth time in her brief tenure that an over 40 year old employee in Code Enforcement was terminated pursuant to a plan by Code Enforcement to remove older employees from its ranks.

26. Kambli and the City of South Bend violated the ADEA in terminating Plaintiff's employment.

27. In order to cover up her/its age discrimination against the Plaintiff and others, and several months after the City was put on notice of Haygood's Tort Claim Notice, Kambli and the City hired a new Chief Inspector who was/is over the age of 40.

28. As a result of the discriminatory actions of Kambli and the City of South Bend, Plaintiff has suffered, and continues to suffer, damages.

**COUNT II.   NEGLIGENT HIRING AND RETENTION OF KAMBLI BY MAYOR BUTTIGIEG**

29. Plaintiff incorporates and re-alleges Paragraphs 1 through 28 as Paragraph 29 herein.

30. Mayor Buttigieg fired Kathryn Topple as the Director of Code Enforcement because of her age, over forty (40).

31. The Mayor hired Kambli to serve as the Director of Code Enforcement because of her age, well under forty (40).

32. At the time he hired her, the Mayor knew or should have known that Kambli was not qualified to serve as the Director of Code Enforcement.

33. At the time he hired her, the Mayor knew or should have known that Kambli possessed discriminatory animus towards others in the work place.

34. The Mayor was negligent in hiring Kambli to serve as the Director of Code Enforcement.

35. The Mayor had and has an ongoing duty to supervise his supervisory level staff in order to ensure that they consistently within the bounds of state and federal laws that prohibit discrimination in the workplace.

36. The Mayor failed in his duty to supervise Kambli in such a way as to ensure that Kambli did not commit unlawful discrimination in the workplace.

37. As a result of the Mayor's negligent hiring and supervision of Kambli, Plaintiff has suffered, and continues to suffer, damages.

**COUNT III: VIOLATIONS OF INDIANA'S WAGE PAYMENT STATUTE BY THE CITY OF SOUTH BEND**

38. Plaintiff incorporates and re-alleges Paragraphs 1 through 28 as Paragraph 38 herein.

39. At all times relevant, Plaintiff was not paid time and one half overtime compensation for his work as the City's Chief Inspector of Code Enforcement.

40. The City of South Bend is an employer and is not exempt from Indiana's Wage Payment Statute.

41. On January 24, 2014 the City, acting through its supervisory agents, promised to continue to pay Plaintiff his normal wages until February 7, 2014, without requiring Plaintiff to do anything other than be available to respond to inquiries from the City.

42. The City was also under a duty after February 7, 2014 to pay Plaintiff all of his accrued but unused time.

43. The City did not pay Plaintiff his normal wages through February 7, 2014, and did not pay Plaintiff all of his accrued but unused time after February 7, 2014.

44.     As such, the City violated Indiana's Wage Payment Statute, specifically, I.C. 22-2-9-2 and I.C. 22-2-5.

45.     As a result of the City's violations of Indiana's Wage Payment Statute, Plaintiff has suffered, and continues to suffer damages.

46.     Plaintiff is entitled to all damages permitted under the referenced statute, including but not limited to, treble damages and attorneys fees.

**COUNT V:    RESPONDEAT SUPERIOR LIABILITY**

47.     Plaintiff incorporates and re-alleges Paragraphs 1 through 46 as Paragraph 47 herein.

48.     At all times relevant, Defendants Buttigieg and Kambli were acting within the scope of their employment with the City of South Bend.

49.     At all times relevant, Defendants Buttigieg and Kambli were acting as agents of the City of South Bend, with actual or apparent authority to act on behalf of the City and to bind the City by their actions.

50.     Where applicable, and pursuant to the doctrine of *Respondeat Superior*, joint and several liability attaches to Defendant City of South Bend for the actions of its agents Buttigieg and Kambli, in addition to its individual liability as alleged above.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks the Court for the following relief:

A)     Judgment in his favor on all Counts in his Complaint against Defendants as alleged pursuant to each Count;

B)     An award of compensatory, treble and punitive damages in favor of the Plaintiff and against Defendants as applicable under Federal and State codes and common law;

C)     An award of Plaintiff's reasonable attorneys' fees, costs and expenses pursuant to the ADEA and the Indiana Wage Payment Statute; and

D)     Such other relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues so triable.

Dated:  November 11, 2014

Respectfully submitted,


/s/ Thomas M. Dixon_____
Thomas M. Dixon, Esq. (18611-71)
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
(574) 315-6455
(574) 675-7783 fax
Attorney for Plaintiff Brian Haygood
Email: tdixon3902@comcast.net


## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this pleading was served upon counsel for the Defendants, Paul Singleton, using the CM/ECF system, this 11th day of November, 2014.


/s/ Thomas M. Dixon_____

9