# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRIAN HAYGOOD, | ) | CAUSE NO.: 3:14-CV-01934-WCL-CAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHUBHADA KAMBLI et al., | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Shubhada Kambli, the City of South Bend, and Mayor Buttigieg (collectively, the "Defendants") respond to the Plaintiff's First Amended Complaint as follows:

### I. ANSWER TO FIRST AMENDED COMPLAINT

Plaintiff, pursuant to Fed. Rule Civ. Proc. 15(a) makes this First Amended Complaint against the Defendants, amending his original Complaint as follows:

1. Suing Shubhada Kambli only in her official capacity as a Supervisor on behalf of the City of South Bend; and

**Answer: The Defendants admit the Plaintiff amends his original Complaint. Nevertheless, as explained in the Defendants' Motion to Dismiss filed contemporaneously herewith, the Defendants deny there is any individual liability against Kambli.**

2. Changing Count II to read "Negligent Hiring and Retention of Kambli by Mayor Buttigieg."

**Answer: The Defendants admit the Plaintiff amends his original Complaint. Nevertheless, as explained in the Defendants' Motion to Dismiss, the Defendants deny that the Plaintiff is able to put forth a negligent hiring and retention claim.**

The Nature of the Case

This action arises out of the unlawful and discriminatory conduct and employment practices of the Defendants. It emanates from the illegal and wrongful termination of the Plaintiff from his job as Chief Inspector of Code Enforcement for the City of South Bend, on or around January 24, 2014, which termination:

A. Was due to Plaintiff's age, fifty-three (53), in violation of Age Discrimination in Employment Act of 1967 as codified at 29 U.S.C. §§ 621 – 634 (as amended in 1984 and 1990, and by the Age Discrimination in Employment Amendments of 1986 at Pub.L.No. 92-592 and the Civil Rights Act of 1991, Pub.L.No. 102-166 (hereafter, "ADEA"),

B. Constituted an official policy and practice of the Defendant City of South Bend to discriminate against the Plaintiff, and others similarly situated, based on age;

C. Arose out of the negligent hiring and negligent retention of Kambli by the Mayor; and

D. Was in violation of the Indiana Wage Payment Statute, I.C. 22-2-5 and I.C. 22-2-9.

**Answer: The Defendants deny the allegations contained in "The Nature of the Case" section of the First Amended Complaint ("Complaint").**

Jurisdiction and Venue

1. Federal court jurisdiction is conferred on this Court by 28 U.S.C.A. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court. Additionally, the federal court exercises ancillary or supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U. S. C. A. §1367.

**Answer: The Defendants admit the Court has jurisdiction over claims pertaining to the Age Discrimination in Employment Act ("ADEA"). Nevertheless, as explained in the Defendants' Motion to Dismiss, the Defendants deny that the Plaintiff has stated a claim for relief for any of his negligent hiring and retention claims.**

2. Plaintiff's claims for damages are made pursuant to the ADEA and pursuant to the statutory and common laws of the state of Indiana.

**Answer: The Defendants admit the Plaintiff states he has claims under the ADEA; however, the Defendants deny that he can put forth a prima facie claim under the ADEA. In addition, the Defendants deny that he has statutory or common law claims under Indiana law.**

3. Plaintiff's requests for relief, including compensatory damages, treble damages, front pay, attorneys' fees and costs, are authorized by the ADEA and by Indiana statutory and common law.

**Answer: The Defendants admit the Plaintiff requests relief but deny that the Plaintiff is entitled to any relief under federal or state law.**

4. Venue is proper under 28 U.S.C.A. §1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

**Answer: The Defendants admit the South Bend Division for the Northern District of Indiana is the proper venue; however, the Defendants deny that any of their acts or omissions give rise to a claim for relief for which the Plaintiff is entitled.**

5. On March 3, 2014, Plaintiff timely provided the City of South Bend with his Notice of Tort Claim, which was duly served on the City, its counsel, and the Indiana Political Subdivision Risk Management Commission.

**Answer: The Defendants are without sufficient information to admit or deny whether the Plaintiff served the Indiana Political Subdivision Risk Management Commission. Therefore, the Defendants deny that portion of the paragraph. The Defendants admit that the Plaintiff, by his counsel, faxed a copy of his Tort Claim notice to the City of South Bend. The Defendants deny that facsimile notice comports with the statutory requirements of notice and deny that the Plaintiff has any tort claims against the Defendants.**

6. At all times relevant, the City has been provided timely and ample opportunity to investigate and respond to Plaintiff's claims, and has denied any wrongdoing.

**Answer: The Defendants admit the allegations in this paragraph.**

7. The City of South Bend does not participate in the Indiana Political Subdivision Risk Management Fund.

**Answer: The Defendants admit the allegations in this paragraph.**

8. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission.

**Answer: The Defendants admit the allegations in this paragraph.**

9. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter on July 16, 2014, and thereafter sent it to him, and his counsel, by regular U.S. Mail. A copy of that Right to Sue Letter is attached hereto as Exhibit A.

**Answer: The Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same. Further answering, the Defendants deny a right to sue letter was attached to the First Amended Complaint.**

10. This suit is timely filed within ninety (90) days of Plaintiff receiving his Right to

Sue letter from the EEOC.

**Answer: The Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.**

The Parties

11. Plaintiff Brian Haygood ("Haygood" or "Plaintiff") is a citizen of the United States who resides in St. Joseph County, Indiana.

**Answer: The Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore, deny the same.**

12. Defendant Shubhada Kambli ("Kambli") was the Director of Code Enforcement for the City of South Bend, Indiana. She is being sued in her offic[ial] capacity for Defendant City of South Bend under the ADEA for having terminated Plaintiff's employment due to his age. At all times relevant, Kambli acted as an agent of the City of South Bend.

**Answer: The Defendants deny the Plaintiff was terminated because of his age and that ADEA permits individual liability. The City admits the remaining allegations contained in this paragraph.**

13. Defendant Peter Buttigieg ("Buttigieg" or "Mayor") is the elected Mayor of South Bend, Indiana, and at all times relevant has served in that capacity. He is being sued individually for negligent hiring and negligent retention of Kambli, and in his official capacity as Mayor for having violated Indiana's Wage Payment Statute. As the duly elected Mayor of South Bend, Buttigieg cannot be sued individually under the ADEA.

**Answer: The Defendants admit that the Mayor is elected and that he cannot be sued in his individual capacity under the ADEA. The Defendants deny the remaining allegations in this paragraph, including: (1) the allegation that negligently**

**hiring and retaining Kambli is a cause of action for which the Plaintiff is entitled to relief; (2) that the Wage Payment statute recognizes a cause of action against the Mayor in his individual capacity; and (3) that the Plaintiff can put forth a prima facie case for establishing a claim under the Wage Payment statute.**

14. The Defendant City of South Bend is a public municipal entity and political subdivision of the state of Indiana that has more than twenty (20) employees and that affects interstate commerce. It is being sued under the ADEA as an employer that has discriminated against the Plaintiff based on his age. It is also being sued under the theory of *Respondeat Superior* for the tortious actions of its employees, Kambli and Buttigieg, acting within the scope of their employment, and as an employer that has violated Indiana's Wage Payment Statute.

   **Answer: The Defendants admit: (1) that South Bend is a public municipal entity and a political subdivision of Indiana; (2) that the City employs more than twenty (20) employees; (3) that it affects interstate commerce, and (4) that the Plaintiff brings his suit under ADEA. The Defendants deny: (1) that they violated the ADEA; (2) that the Plaintiff has stated a claim that under any tort theory of liability for which the Defendants can be liable, including the Plaintiff's respondeat superior theory; and (4) that the Defendants violated the Wage Payment statute.**

Factual Background

15. Plaintiff was hired by the City of South Bend in 2001 as an Inspector in the Code Enforcement Division of the City. Over the course of the next 13 years, Plaintiff worked successfully for the City and in 2011 was promoted to the position of Chief Inspector.

   **Answer: The Defendants deny that the Plaintiff worked successfully throughout his entire tenure but admit the remaining allegations in this paragraph.**

16. In January of 2013, Mayor Buttigieg fired the City's Director of Code Enforcement, Catherine Toppel, who at the time was over the age of forty (40). He then hired Kambli, who at the time was well under the age of forty (40), to serve as the new Director of Code Enforcement.

**Answer: The Defendants admit that the Mayor hired Kambli to serve as the new Director of Code Enforcement but deny the remaining allegations in this paragraph.**

17. Kambli, with the knowledge and approval of Buttigieg, made false accusations against Plaintiff with regard to his work, in order to create a paper trail to justify terminating his employment.

**Answer: The Defendants deny the allegations in this paragraph.**

18. On January 24, 2014, Kambli called Plaintiff into a meeting. During that meeting, Kambli told Plaintiff he was being fired. Kambli had recently told Plaintiff and others after another person had interviewed for a job, that they (meaning the City) were moving in a different direction and intended to bring in younger people to replace the older workers.

**Answer: The Defendants admit that on or about January 24, 2014, Kambli informed the Plaintiff in a meeting that his employment was being terminated but deny the remaining allegations in this paragraph.**

19. During the meeting, Kambli also told Plaintiff that he would remain on active payroll until February 7, 2014, and that thereafter he would be paid all of his accrued and unused time.

**Answer: The Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.**

20. Well over a week later, and for the first time, the City presented Plaintiff with a proposed written Employment Severance Agreement, which Plaintiff did not sign.

**Answer: The Defendants admit that on or about January 31, 2014, the plaintiff was provided with a proposed Employment Severance Agreement and that he did not sign the agreement.**

21. Contrary to its January 24, 2014 promise, the City did not keep Plaintiff on its active payroll through February 7, 2014, and did not pay Plaintiff all of his accrued and unused time.

**Answer: The Defendants are without sufficient information to admit or deny the allegations related to "the January 24, 2014 promise" and therefore, they deny the allegations in this paragraph.**

### COUNT I: EMPLOYMENT AGE DISCRIMINATION BY THE CITY OF SOUTH BEND THROUGH ITS SUPERVISOR KAMBLI

22. Plaintiff incorporates and realleges Paragraphs 1 through 21 as Paragraph 22 herein.

**Answer: The Defendants restate their answers to paragraphs 1-21.**

23. Defendant Kambli, acting as an agent, and on behalf of the City of South Bend, and possessing direct supervisory authority over Plaintiff, terminated Haygood's employment because of his age, 53, in violation of the ADEA.

**Answer: The Defendants deny the allegations in this paragraph.**

24. At all times relevant, Kambli was authorized by the City of South Bend to make hiring, promotion and termination decisions for the Code Enforcement division of the City.

**Answer: The Defendants admit the allegations in this paragraph.**

25. At the time Kambli terminated Plaintiff's employment, this marked at least the fifth time in her brief tenure that an over 40 year old employee in Code Enforcement was terminated pursuant to a plan by Code Enforcement to remove older employees from its ranks.

**Answer: The Defendants deny the allegations in this paragraph.**

26. Kambli and the City of South Bend violated the ADEA in terminating Plaintiff's employment.

**Answer: The Defendants deny the allegations in this paragraph.**

27. In order to cover up her/its age discrimination against the Plaintiff and others, and several months after the City was put on notice of Haygood's Tort Claim Notice, Kambli and the City hired a new Chief Inspector who was/is over the age of 40.

**Answer: The Defendants deny the allegations in this paragraph.**

28. As a result of the discriminatory actions of Kambli and the City of South Bend, Plaintiff has suffered, and continues to suffer, damages.

**Answer: The Defendants deny the allegations in this paragraph.**

### COUNT II. NEGLIGENT HIRING AND RETENTION OF KAMBLI BY MAYOR BUTTIGIEG

**The Defendants move to dismiss this count in its motion to dismiss, filed contemporaneously herewith.**

### COUNT III: VIOLATIONS OF INDIANA'S WAGE PAYMENT STATUTE BY THE CITY OF SOUTH BEND

**The Defendants move to dismiss this count in its motion to dismiss, filed contemporaneously herewith.**

### COUNT V: RESPONDEAT SUPERIOR LIABILITY

**The Defendants file contemporaneously herewith, their Motion for a more definite statement.**

## II. AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO AMENDED COMPLAINT

For its affirmative defenses and other defenses, the Defendants state the following:

Facts Common to All Defenses

(1) The City of South Bend hired the Plaintiff in 2001. During the relevant time, he served as the Chief Inspector for the City's Code Enforcement Department.

(2) The City hired Ms. Shubhada Kambli as the Director of Code Enforcement effective March 4, 2013.

(3) She soon became of aware of the Plaintiff's shortcomings as the Chief Inspector for the City's Code Enforcement Department.

(4) Haygood failed to meet his legitimate performance expectations, and his employment was terminated accordingly.

(5) After Haygood was no longer employed by the City of South Bend, the City discovered additional evidence that proves he failed to meet his legitimate performance expectations.

(6) The Plaintiff faxed his tort claim notice; however, he did not send it by certified mail or registered mail.

(7) The Plaintiff did not file his right to sue letter with his First Amended Complaint.

(8) It does not appear that he has filed a claim with the Indiana Department of Labor.

Affirmative Defenses and Other Defenses

(9) Defendants acted in good faith at all times, and any and all decisions and actions regarding the Plaintiff's employment were legitimate, nondiscriminatory, non-retaliatory and lawful.

(10) The Plaintiff has suffered no damages, or no damages for which Defendants can

be held liable.

(11) The Plaintiff's tort claims against the individual defendants are barred by the Indiana Tort Claims Act ("ITCA"). Similarly, to the extent the Plaintiff failed to comply by the ITCA's requirement to send a tort claim notice via certified or registered mail, the Plaintiff's tort claims are barred.

(12) If Plaintiff has suffered damages, which Defendants expressly deny, Plaintiff failed to make reasonable and diligent efforts to mitigate his damages. Additionally, the Defendants are entitled to a set-off from any potential monetary liability in an amount equal to the sums earned by Plaintiff or which Plaintiff could have earned had he exercised reasonable diligence and undertaken reasonable efforts to mitigate his alleged damages.

(13) The Plaintiff cannot prove that age was the "but for" cause of his termination.

(14) As explained in more detail in the Defendants' motion to dismiss, one or more of the Defendants' claims fail to state a claim for which relief can be granted.

(15) To the extent the Plaintiff filed his suit outside of the 90-day window for filing a claim, his suit is time-barred.

(16) The Court lacks jurisdiction over the Plaintiff's "wage payment" claim.

(17) After-acquired evidence demonstrates that the Plaintiff failed to meet his performance expectations.

(18) The Plaintiff is not entitled to punitive damages because the City of South Bend is a governmental entity.

WHEREFORE, the Defendants request that the Plaintiff take nothing by way of his First Amended Complaint and that the Court award the Defendants the fees and costs they have incurred in defending this action.

Respectfully submitted,


*/s/ Paul E. Singleton*
Paul Singleton
Assistant City Attorney, No.: 28375-71
The City of South Bend Legal Department
227 W. Jefferson Blvd., Suite 1200
South Bend, IN 46601
psinglet@southbendin.gov
Phone: 574.235.5867
Fax: 574.235.7670
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered to all parties of record via the Court's electronic filing system on the date in blue at the top of this page.

*/s/ Paul E. Singleton*