UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRIAN HAYGOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:14cv1934 |
| | ) | |
| SHUBHADA KAMBLI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on a partial motion to dismiss filed by the defendants, Shubhada Kambli ("Kambli"), City of South Bend Mayor Buttigieg ("Buttigieg"), and the City of South Bend, on November 25, 2014. The plaintiff, Brian Haygood ("Haygood"), filed his response on January 14, 2015, to which the defendants replied on February 3, 2015.

For the following reasons, the partial motion to dismiss will be granted.

Discussion

Haygood, a former Chief Inspector of Code Enforcement for the City of South Bend, filed his First Amended Complaint ("Complaint") against the City of South Bend, former City employee Kambli, and Buttigieg. The caption and the first page of the Complaint indicate that Haygood is suing Kambli, "in her Official Capacity as Supervisor" (capitalizations in original). The caption also provides that Haygood seeks relief against Buttigieg "Individually and In his Representative Capacity" (capitalizations in original). Haygood alleges violation of the Age Discrimination in Employment Act ("ADEA") (Count I); negligent hiring and supervision (Count II); violations of the Indiana "Wage Payment Statute" (Count III); and respondeat

superior liability (Count V[1]).

For his negligent hiring and supervision claim, Haygood alleges Buttigieg negligently hired and retained Kambli because she was unqualified and possessed discriminatory animus when she terminated his employment. For his claim under the Indiana Wage Payment Statute, Haygood does not indicate that he filed a claim with the Indiana Department of Labor, as required.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Seventh Circuit has made clear that after *Twombly* and *Iqbal*, a plaintiff must plead facts that suggest a right to relief beyond the speculative level. *Estate of Miller v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012).

Under Fed. R. Civ. P. 12(b)(1), a party may dismiss an action if the court lacks subject matter jurisdiction. *Mccullough v. IPFW Univ.*, No. 1:12-CV-398, 2013 WL 587886, at *1 (N.D. Ind. Feb. 11, 2013) (citing *Johnson v. Apna Ghar, Inc.,* 330 F.3d 999 (7th Cir. 2003)). When a plaintiff fails to exhaust administrative remedies, the court lacks subject matter jurisdiction.

---

[1] The First Amended Complaint does not have a "Count IV".

*Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013). If a party alleging a violation of Indiana's Wage Payment Act fails to exhaust its administrative remedies with the Indiana Department of Labor, the trial court lacks jurisdiction. *Id.* at 1153, 1154; *see generally Firestone v. Standard Mgmt. Corp.*, No. 1:04-CV-1223-DFH-TAB, 2005 WL 1606955, at *7 (S.D. Ind. July 5, 2005).

In support of their current motion, the defendants first assert that Haygood's ADEA allegations pertaining to the individuals in their individual capacities should be dismissed. "[I]t is well-established in the Seventh Circuit that neither Title VII nor the ADEA permit individual liability." *Purcell v. Indiana Univ.--S. Bend*, 3:13 CV 386, 2014 WL 4656565 at *6 (N.D. Ind. Sept. 17, 2014) (citations omitted). In response, Haygood contends that he is not suing Kambli individually and is not suing Buttigieg under the ADEA. Haygood states that he is seeking damages from the City of South Bend for the violation of the ADEA by its agent and representative, Kambli. Haygood further asserts that he is suing Buttigieg individually for negligent hiring and retention of Kambli as he knew or should have known she was an ageist. Haygood also states that he is alleging that Kambli's actions in firing him were tortious and foreseeable and that Buttigieg knew or should have known when he hired her that Kambli would take such actions.

As the defendants note in reply, naming Kambli in her official capacity is redundant, and neither Kambli nor Buttigieg should be parties. In *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, the court addressed redundant captions. 741 F. Supp. 2d 925, 943 (S.D. Ind. 2010). One of the plaintiffs' claims was an ADEA claim against the City of Indianapolis and its mayor and police chief in their official capacities. *Id.* at 930, 943. The court dismissed the plaintiffs'

3

claim against the mayor and police chief in their official capacities. *Id.* at 943. The court explained, "[n]aming people in their 'official capacities' is redundant because, "insofar as they acted in their 'official' capacities, they *are* the City (or the agency)." *Id.* (Parentheses in original, citing *Myles v. City of Indianapolis,* 213 F. Supp. 2d 962, 967 (S.D. Ind. 2002)). Accordingly, as Kambli cannot be sued in her individual capacity, and suing her in her official capacity is redundant, the court will dismiss all ADEA claims against Kambli. Likewise, to the extent Haygood is attempting to sue Buttigieg under the ADEA, the claims will be dismissed.

Additionally, this court agrees with the defendants that Haygood cannot disguise Count II, his negligent hiring and negligent retention claim, as a distinct claim from his ADEA claim. For a negligent retention claim, an employer "may be liable for retaining an employee only if he knows the employee is in the habit of misconducting himself in a manner dangerous to others." *Briggs v. Finley*, 631 N.E.2d 959, 966-67 (Ind. Ct. App. 1994). *See generally Frye v. Am. Painting Co.*, 642 N.E.2d 995, 999 (Ind. Ct. App. 1994) (permitting plaintiff customer to pursue a negligent retention case where employee who burglarized and set fire to customer's home had previously burglarized and committed arson). Moreover, some federal district courts state that a defendant cannot be held liable for negligently hiring an employee unless the employee committed an actionable tort. *Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 550 (N.D. Tex. 2005); *see also Geise v. Phoenix Co. of Chicago*, 639 N.E.2d 1273, 1277 (Ill. 1994) (explaining that merely labeling claims as "negligent hiring" and negligent retention" claims did not change the fundamental nature of the plaintiff's discrimination case).

In the present case, as noted above, Haygood contends Buttigieg's tortious action was hiring and retaining Kambli. He contends Kambli was unqualified and possessed discriminatory

4

animus when she terminated Haygood's employment. Clearly, this alleged activity is not the type of misconduct that presents danger to others. Thus, the claim is not an actionable tort but is a poorly disguised ADEA claim. Consequently, the Court will dismiss the negligent hiring and retention claim (Count II).

With respect to Count III, the "Wage Payment" claim, Haygood has acknowledged in his response that he has failed to exhaust his administrative remedies and that Count III should be dismissed. Thus, the court will dismiss Count III.

## Conclusion

On the basis of the foregoing, the defendants' motion for partial dismissal [DE 10] is hereby GRANTED. The Court hereby ORDERS:

(1) Haygood is to amend the caption in his complaint such that the City of South Bend is the sole party;

(2) Count I (ADEA claims) is DISMISSED to the extent it seeks damages against Kambli and Buttigieg;

(3) Count II is hereby DISMISSED; and

(4) Count III is hereby DISMISSED.

Entered: February 6 , 2015.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court