UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BRIAN HAYGOOD | ): | CAUSE NO.: 3:14-CV-01934 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF SOUTH BEND | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, pursuant to this court's Order of February 6, 2015, files this Second Amended Complaint changing the caption and excluding prior Counts 2 and 3:

### The Nature Of The Case

This action arises out of the unlawful and discriminatory conduct and employment practices of the Defendant. It emanates from the illegal and wrongful termination of the Plaintiff from his job as Chief Inspector of Code Enforcement for the City of South Bend, on or around January 24, 2014, which termination:

A.     Was due to Plaintiff's age, fifty-three (53), in violation of Age Discrimination in Employment Act of 1967 as codified at 29 U.S.C. §§ 621 – 634 (as amended in 1984 and 1990, and by the Age Discrimination in Employment Amendments of 1986 at Pub.L.No. 92-592 and the Civil Rights Act of 1991, Pub.L.No. 102-166 (hereafter, "ADEA"), and

B.     Constituted an official policy and practice of the Defendant to discriminate against the Plaintiff, and others similarly situated, based on age, to wit, over 40.

## Jurisdiction and Venue

1. Federal court jurisdiction is conferred on this Court by 28 U.S.C.A. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court.

2. Plaintiff's claims for damages are made pursuant to the ADEA.

3. Venue is proper under 28 U.S.C.A. §1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

4. On March 3, 2014, Plaintiff timely provided the City of South Bend with his Notice of Tort Claim, which was duly served on the City, its counsel, and the Indiana Political Subdivision Risk Management Commission.

5. At all times relevant, the City has been provided timely and ample opportunity to investigate and respond to Plaintiff's claims, and has denied any wrongdoing.

6. The City of South Bend does not participate in the Indiana Political Subdivision Risk Management Fund.

7. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission.

8. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter on July 16, 2014, and thereafter sent it to him, and his counsel, by regular U.S. Mail. A copy of that Right to Sue Letter is attached to the Original Complaint and marked as Exhibit A.

9. This original Complaint is/was timely filed within ninety (90) days of Plaintiff receiving his Right to Sue letter from the EEOC.

## The Parties

10.     Plaintiff Brian Haygood ("Haygood" or "Plaintiff") is a citizen of the United States who resides in St. Joseph County, Indiana.

11.     The Defendant City of South Bend is a public municipal entity and political subdivision of the state of Indiana that has more than twenty (20) employees and that affects interstate commerce.  It is being sued under the ADEA as an employer that has discriminated against the Plaintiff based on his age.

## Factual Background

12.     Plaintiff was hired by the City of South Bend in 2001 as an Inspector in the Code Enforcement Division of the City.  Over the course of the next 13 years, Plaintiff worked successfully for the City and in 2011 was promoted to the position of Chief Inspector.

13.     In January of 2013, Mayor Buttigieg fired the City's Director of Code Enforcement, Catherine Toppel, who at the time was over the age of forty (40).  He then hired Kambli, who at the time was well under the age of forty (40), to serve as the new Director of Code Enforcement.

14.     Kambli, with the knowledge and approval of Buttigieg, made false accusations against Plaintiff with regard to his work, in order to create a paper trail to justify terminating his employment.

15.      On January 24, 2014, Kambli called Plaintiff into a meeting.  During that meeting, Kambli told Plaintiff he was being fired.  Kambli had recently told Plaintiff and others after another person had interviewed for a job, that the City was moving in a different direction and intended to bring in younger people to replace the older workers.

**COUNT 1. EMPLOYMENT BASED AGE DISCRIMINATION BY THE CITY OF SOUTH BEND**

16.     Plaintiff incorporates and realleges Paragraphs 1 through 15 as Paragraph 16 herein.

17.     Defendant Kambli, acting as an agent, and on behalf of the City of South Bend, and possessing direct supervisory authority over Plaintiff, terminated Haygood's employment because of his age, 53, in violation of the ADEA.

18.     At all times relevant, Kambli was authorized by the City of South Bend to make hiring, promotion and termination decisions for the Code Enforcement division of the City.

19.     At the time Kambli terminated Plaintiff's employment, this marked at least the fifth time in her brief tenure that an over 40 year old employee in Code Enforcement was terminated pursuant to a plan by the City to remove older employees from Code Enforcement.

20.     City of South Bend violated the ADEA in terminating Plaintiff's employment.

21.     In order to cover up her/its age discrimination against the Plaintiff and others, and several months after the City was put on notice of Haygood's Tort Claim Notice, the City hired a new Chief Inspector who was/is over the age of 40.

22.     As a result of the discriminatory policies and actions of the City of South Bend, Plaintiff has suffered, and continues to suffer, damages.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff asks the Court for the following relief:

A)     Judgment in his favor and against Defendant as alleged pursuant to Count 1;

B)     An award of all damages permitted pursuant to the ADEA;

C)      An award of Plaintiff's reasonable attorneys' fees, costs and expenses pursuant to

the ADEA; and

D)      Such other relief as this Court may deem just and proper.

## **JURY DEMAND**

The Plaintiff demands a trial by jury of all issues so triable.

Dated: March 3, 2015

Respectfully submitted,


/s/ Thomas M. Dixon_____
Thomas M. Dixon, Esq. (18611-71)
Dixon, Wright & Associates, P.C.
55255 Birchwood Court
Osceola, IN  46561
(574) 315-6455
(574) 675-7783 fax
Attorney for Plaintiff Brian Haygood
Email: tdixon3902@comcast.net


## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this pleading was served upon counsel for the Defendant, Paul Singleton, using the CM/ECF system, this 3rd day of March, 2015.


/s/ Thomas M. Dixon_____