IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRIAN HAYGOOD, | ) | CAUSE NO.: 3:14-CV-01934-WCL-CAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF SOUTH BEND, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

For its Answer to the Second Amended Complaint, the City of South Bend states the following:

The Nature of the Case

This action arises out of the unlawful and discriminatory conduct and employment practices of the Defendant. It emanates from the illegal and wrongful termination of the Plaintiff from his job as Chief Inspector of Code Enforcement for the City of South Bend, on or around January 24, 2014, which termination:

A. Was due to Plaintiff's age, fifty-three (53), in violation of Age Discrimination in Employment Act of 1967 as codified as 29 U. S. C. §§ 621-634 (as amended in 1984 at Pub. L. No. 92-592 and the Civil Rights Act of 1991, Pub. L. No. 102-166 (hereafter, "ADEA"), and

B. Constituted an official policy and practice of the Defendant to discriminate against the Plaintiff, and others similarly situated, based on age, to wit, over 40.

**Answer: The City of South Bend admits that the Plaintiff was hired as Chief Inspector of Code Enforcement but denies the remaining allegations in the above paragraph and the paragraph's subparts.**

Jurisdiction and Venue

1. Federal court jurisdiction is conferred on this Court by 28 U.S.C.A. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court.

> **Answer: The City admits the Court has jurisdiction over claims pertaining to the Age Discrimination in Employment Act ("ADEA") but denies that the City acted unlawfully with respect to the Plaintiff's employment.**

2. Plaintiff's claims for damages are made pursuant to the ADEA.

> **Answer: The City admits the Plaintiff states he has claims under the ADEA; however, the City denies that he can put forth a prima facie claim under the ADEA.**

3. Venue is proper under 28 U.S.C.A. § 1391 (b) because a substantial part of the acts or omissions giving rise to the Plaintiff's claims occurred in this district.

> **Answer: The City admits venue is proper but denies that it acted unlawfully with respect to the Plaintiff's employment.**

4. On March 3, 2014, Plaintiff timely provided the City of South Bend with his Notice of Tort Claim, which was duly served on the City, its counsel, and the Indiana Political Subdivision Risk Management Commission.

> **Answer: The City is without sufficient information to admit or deny whether the Plaintiff served the Indiana Political Subdivision Risk Management Commission. Therefore, it denies that portion of this paragraph. The City admits that the Plaintiff, by his counsel, faxed a copy of his Tort Claim notice to the City of South Bend. The City denies: that facsimile notice comports with the statutory requirements of notice under Indiana law; that the Plaintiff has stated a claim for which relief can be granted under Indiana tort law; or that the Second Amended Complaint contains any tort allegations.**

5. At all times relevant, the City has been provided timely and ample opportunity to investigate and respond to Plaintiff's claims, and has denied any wrongdoing.

> **Answer: The City admits the allegations in this paragraph.**

6. The City of South Bend does not participate in the Indiana Political Subdivision Risk

Management Fund.

**Answer: The City admits the allegations in this paragraph.**

7. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission.

**Answer: The City admits the allegations in this paragraph.**

8. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter on July 16, 2014, and thereafter sent it to him, and his counsel, by regular U.S. Mail. A copy of that Right to Sue Letter is attached hereto to the Original Complaint and marked as Exhibit A.

**Answer: The City is without sufficient information to admit or deny the allegations in this paragraph and therefore denies the same. Further answering, the City denies that a right to sue letter was attached to the Original Complaint.**

9. This original Complaint is/was timely filed within ninety (90) days of Plaintiff receiving his Right to sue letter from the EEOC.

**Answer: The City is without sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.**

The Parties

10. Plaintiff Brian Haygood ("Haygood" or "Plaintiff") is a citizen of the United States who resides in St. Joseph County, Indiana.

**Answer: The City is without sufficient information to admit or deny the allegations in this paragraph and therefore, denies the same.**

11. The Defendant City of South Bend is a public municipal entity and political subdivision of the state of Indiana that has more than twenty (20) employees and that affects interstate commerce. It is being sued under the ADEA as an employer that has discriminated against the Plaintiff based on his age.

**Answer: The City admits the allegations contained in this paragraph.**

Factual Background

12. Plaintiff was hired by the City of South Bend in 2001 as an Inspector in the Code Enforcement Division of the City. Over the course of the next 13 years, Plaintiff worked successfully for the City and in 2011 was promoted to the position of Chief Inspector.

> **Answer: The City denies that the Plaintiff worked successfully throughout his entire tenure but admits the remaining allegations in this paragraph.**

13. In January of 2013, Mayor Buttigieg fired the City's Director of Code Enforcement, Catherine Toppel, who at the time was over the age of forty (40). He then hired Kambli, who at the time was well under the age of forty (40), to serve as the new Director of Code Enforcement.

> **Answer: The City admits that the Mayor hired Kambli to serve as the new Director of Code Enforcement but denies the remaining allegations in this paragraph.**

14. Kambli, with the knowledge and approval of Buttigieg, made false accusations against Plaintiff with regard to his work, in order to create a paper trail to justify terminating his employment.

> **Answer: The City denies the allegations in this paragraph.**

15. On January 24, 2014, Kambli called Plaintiff into a meeting. During that meeting, Kambli told Plaintiff he was being fired. Kambli had recently told Plaintiff and others after another person had interviewed for a job, that they (meaning the City) were moving in a different direction and intended to bring in younger people to replace the older workers.

> **Answer: The City admits that on or about January 24, 2014, Kambli informed the Plaintiff in a meeting that his employment was being terminated but denies the remaining allegations in this paragraph.**

# COUNT I: EMPLOYMENT AGE DISCRIMINATION BY THE CITY OF SOUTH BEND THROUGH ITS SUPERVISOR KAMBLI

16. Plaintiff incorporates and realleges Paragraphs 1 through 15 as Paragraph 16 herein.

**Answer: The City restates its answers to paragraphs 1-15.**

17. Defendant Kambli, acting as an agent, and on behalf of the City of South Bend, and possessing direct supervisory authority over Plaintiff, terminated Haygood's employment because of his age, 53, in violation of the ADEA.

**Answer: The City denies the allegations in this paragraph.**

18. At all times relevant, Kambli was authorized by the City of South Bend to make hiring, promotion and termination decisions for the Code Enforcement division of the City.

**Answer: The City admits that Kambli was authorized by the City to make hiring, promotion, and termination decisions for the Code Enforcement division of the City.**

19. At the time Kambli terminated Plaintiff's employment, this marked at least the fifth time in her brief tenure that an over 40 year old employee in Code Enforcement was terminated pursuant to a plan by the City to remove older employees from Code Enforcement.

**Answer: The City denies the allegations in this paragraph.**

20. The City of South Bend violated the ADEA in terminating Plaintiff's employment.

**Answer: The City denies the allegations in this paragraph.**

21. In order to cover up her/its age discrimination against the Plaintiff and others, and several months after the City was put on notice of Haygood's Tort Claim Notice, the City hired a new Chief Inspector who was/is over the age of 40.

**Answer: The City denies the allegations in this paragraph.**

22. As a result of the discriminatory actions of the City of South Bend, Plaintiff has suffered, and continues to suffer, damages.

**Answer: The City denies the allegations in this paragraph.**

**WHEREFORE, the Defendants request that the Plaintiff take nothing by way of his First Amended Complaint and that the Court award the Defendants the fees and costs they have incurred in defending this action.**

# I. AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO AMENDED COMPLAINT

For its affirmative defenses and other defenses, the Defendants state the following:

Facts Common to All Defenses

(1) The City of South Bend hired the Plaintiff in 2001. During the relevant time, he served as the Chief Inspector for the City's Code Enforcement Department.

(2) The City hired Ms. Shubhada Kambli as the Director of Code Enforcement effective March 4, 2013.

(3) She soon became aware of the Plaintiff's shortcomings as the Chief Inspector for the City's Code Enforcement Department.

(4) Haygood failed to meet his legitimate performance expectations, and his employment was terminated accordingly.

(5) After Haygood was no longer employed by the City of South Bend, the City discovered additional evidence that proves he failed to meet his legitimate performance expectations.

Affirmative Defenses and Other Defenses

(6) Defendants acted in good faith at all times, and any and all decisions and actions regarding the Plaintiff's employment were legitimate, nondiscriminatory, non-retaliatory and lawful.

(7) The City exercises reasonable care to prevent and correct any alleged discriminatory conduct in the workplace.

(8) The Plaintiff has suffered no damages, or no damages for which Defendants can be held liable.

(9) If Plaintiff has suffered damages, which Defendants expressly deny, Plaintiff failed to make reasonable and diligent efforts to mitigate his damages. Additionally, the Defendants are entitled to a set-off from any potential monetary liability in an amount equal to the sums earned by Plaintiff or which Plaintiff could have earned had he exercised reasonable diligence and undertaken reasonable efforts to mitigate his alleged damages.

(10) The Plaintiff cannot prove that age was the "but for" cause of his termination, and the Plaintiff's employment was terminated for reasons other than his age.

(11) Even if the Plaintiff shows that discrimination played a motivating part in the decision to terminate his employment, which the City expressly denies, the City would have made the same employment decision even if discrimination were not a factor.

(12) The Defendant fails to state a claim for which relief can be granted.

(13) To the extent the Plaintiff filed his suit outside of the 90-day window for filing a claim, his suit is time-barred.

(14) To the extent the Plaintiff's allegations in his Second Amended Complaint fall outside the scope of his administrative charge, those claims are barred.

(15) After-acquired evidence demonstrates that the Plaintiff failed to meet his performance expectations.

WHEREFORE, the Defendants request that the Plaintiff take nothing by way of his Second Amended Complaint and that the Court award the Defendants the fees and costs they have incurred in defending this action.

Respectfully submitted,

*/s/ Paul E. Singleton*
Paul Singleton
Assistant City Attorney, No.: 28375-71
The City of South Bend Legal Department
227 W. Jefferson Blvd., Suite 1200
South Bend, IN 46601
[psinglet@southbendin.gov](mailto:psinglet@southbendin.gov)
Phone: 574.235.5867
Fax: 574.235.7670
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered to all parties of record via the Court's electronic filing system on the date in blue at the top of this page.

*/s/ Paul E. Singleton*